```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/25/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------X
UNITED STATES OF AMERICA              :
                                      :   No. 10 Cr. 1212 (JFK)
     -against-                        :   No. 16 Civ. 5135 (JFK)
                                      :
KELVIN MENA,                          :   **OPINION & ORDER**
                                      :
                          Defendant.  :
-------------------------------------X

<u>APPEARANCES</u>

FOR DEFENDANT KELVIN MENA:
    Annalisa Miron
    FEDERAL DEFENDERS OF NEW YORK INC.

FOR THE UNITED STATES OF AMERICA:
    David J. Robles
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge**:

Before the Court is Defendant-Petitioner Kelvin Mena's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Government concedes that, following the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), and the Second Circuit's decision in <u>United States v. Barrett</u>, 937 F.3d 126 (2d Cir. 2019), conspiracy to commit Hobbs Act robbery is not a crime of violence that can support a conviction under 18 U.S.C. § 924(c).  Accordingly, the Government requests the Court enter an amended judgment vacating one improper count of conviction against Mena but reimposing Mena's original 108-month sentence.

1

**I. Background**

On December 8, 2010, Mena pleaded guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 ("Count Two"). On May 5, 2011, the Court sentenced Mena to a total of 108 months' imprisonment to be followed by three years of supervised release.

On June 20, 2016, Mena filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 27.) Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Mena's habeas petition pending the disposition of certain cases addressing the constitutionality of the residual clause of 18 U.S.C. § 924(c). (ECF No. 29.)

On June 12, 2018, Mena was released from prison. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 24, 2021). Based on information provided by the Probation Office, the Government understands that Mena's term of supervised release was terminated early because of his successful completion of the Re-Entry through Intensive Supervision and Employment Court ("RISE") program. (ECF No. 33.)

On June 3, 2020, the Court ordered the Government to explain whether the stay of Mena's habeas action should be lifted.  (ECF No. 31.)  On June 17, 2020, the Government filed a letter agreeing with Mena's challenge to Count Two, which charged him under 18 U.S.C. § 924(c) with using and brandishing a firearm during and in relation to the Hobbs Act robbery conspiracy charged in Count One.  Accordingly, in light of United States v. Davis and United States v. Barrett, the Government agreed that Mena's conviction on Count Two can no longer stand because conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3) only under the "residual" or "risk-of-force" clause of that statute, which has now been declared unconstitutionally vague.  The Government requested the Court enter an amended judgment reflecting Mena's conviction on Count One, and reimposing, as the sentence for Count One, the original 108-month sentence previously imposed on Counts One and Two.

On June 24, 2020, the Court allowed Mena until July 22, 2020, to file a response, if any, to the Government's letter.  (ECF No. 34.)  No such response by Mena was ever filed.

**II.  Discussion**

    **A.  Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to

vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### B. Analysis

As the government concedes, the crime charged in Count Two no longer constitutes a crime of violence, and thus, Mena's conviction on Count Two must be vacated. See Davis, 139 S. Ct. at 2324; see also United States v. Chen Teng, No. 03 Cr. 567 (DC), 2020 WL 1813658, at *1 (S.D.N.Y. Apr. 8, 2020) (vacating similar count of conviction).

Accordingly, Mena's conviction on Count Two is VACATED, Count Two is DISMISSED, and Mena is resentenced to a total of 108 months' imprisonment and three years' supervised release (subject to early termination based on Mena's successful completion of the RISE program) on Count One. The Court will enter an amended judgment accordingly. If Mena has already paid his mandatory special assessment on Count Two, he is entitled to a refund of $100 and his counsel is to contact the Court's finance department to provide Mena's remittance information so that he may receive the refund.

### III. Conclusion

For the reasons set forth above, Defendant Kelvin Mena's motion to vacate, set aside, or correct his sentence is GRANTED to the extent provided above.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 27 in criminal case 10-CR-01212-JFK-1 and close civil case 16-CV-05135-JFK.

**SO ORDERED.**

Dated:  New York, New York
        March 25, 2021

_____
John F. Keenan
United States District Judge